[Cite as *Yunger v. Bracken*, 2018-Ohio-805.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| JENNIFER (BRACKEN) YUNGER, | : | CASE NO. CA2017-05-022 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N<br>3/5/2018 |
| - vs - | : | |
| | : | |
| MATTHEW C. BRACKEN, | : | |
| Defendant-Appellant. | : | |


APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 2013DRC00332


Michael A. Kennedy, 70 North Riverside Drive, Batavia, Ohio 45103, for plaintiff-appellee

Donald W. White, 237 Main Street, Batavia, Ohio 45103, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Matthew C. Bracken ("Bracken"), appeals from the decision of the Clermont County Court of Common Pleas, Domestic Relations Division, in a case involving issues of spousal support following his divorce from plaintiff-appellee, Jennifer Bracken nka Yunger ("Yunger"). For the reasons outlined below, we affirm.

{¶ 2} Bracken and Yunger were married on December 12, 1998. The couple had three children born issue of the marriage. On March 14, 2013, the couple filed a petition with the trial court requesting their marriage be dissolved. Attached to this petition was a

separation agreement that required Bracken to pay both child support and spousal support. Specifically, as it relates to Bracken's spousal support obligation, Bracken agreed to pay Yunger $2,000 per month in spousal support effective February 1, 2013 through December 31, 2016 "unless earlier terminated by the death of either party or upon Wife's remarriage or cohabitation." The separation agreement further stated that "starting with the 2013 tax year and during the spousal support period Wife shall receive 33% of any gross bonus of Husband * * *." After holding a hearing on the matter, the trial court issued a decision approving the separation agreement, thereby dissolving the couple's marriage effective April 19, 2013.

{¶ 3} Approximately two years later, on August 1, 2015, Yunger remarried. As a result, on August 19, 2015, the trial court issued a decision terminating Bracken's spousal support obligation in accordance with the terms of the couple's separation agreement. Two days later, on August 21, 2015, Yunger filed a motion with the trial court requesting an increase in Bracken's child support obligation since "her income has decreased because of the termination of spousal support payable to her." After holding a hearing on the matter, a magistrate issued a decision increasing the amount of child support Bracken owed, a decision the trial court later affirmed on April 27, 2016. Neither Bracken or Yunger appealed from this decision.

{¶ 4} In March 2016, Bracken was paid a bonus for the year 2015 in the amount of $15,012. Several months later, on July 18, 2016, Yunger filed a motion for contempt alleging, among other things, that Bracken "failed to pay to the Plaintiff 33% of his gross bonus for 2015, through August of that year" as required by their April 19, 2013 divorce decree. A hearing on Yunger's motion was then held before a magistrate on February 3, 2017. At this hearing, Bracken's trial counsel stipulated to the following:

We can stipulate that's, okay, that's at issue, on the remaining

- 2 -

issue we're going to leave you with to make a decision on is whether or not she's entitled to a portion of the bonus that was paid to him in 2016 for his 2015 calendar year employment. And that's the * * * and he's * * * we can stipulate that the bonus that he received for 2015 which was paid to him in 2016 was $15,012.

{¶ 5} Three days later, on February 6, 2017, the magistrate issued a decision finding Bracken owed Yunger a portion of his 2015 bonus in the amount of $2889.81. Specifically, the magistrate stated:

> Jennifer remarried on August 1, 2015. Matthew is paid a bonus in March for the preceding year. The parties stipulated that Matthew received a bonus in March 2016, for all of 2015, in the amount of $15,012. No part of that bonus was paid to Jennifer.
>
> Jennifer argues that Matthew's bonus accrued over the year of 2015 and that she is owed 33 percent of seven twelfths (January 1 to July 31) of the amount paid to Matthew in March 2016. Jennifer's argument is well taken. Although the spousal support order was terminated on August 1, 2015, the Entry does not state that any balances due to Jennifer were reduced to zero. Therefore, Matthew owes Jennifer the sum of $2889.81.

{¶ 6} On February 15, 2017, Bracken filed an objection to the magistrate's decision, which he then supplemented on March 15, 2017, challenging the magistrate's decision ordering him to pay Yunger a portion of his 2015 bonus in the amount of $2,889.81. In support, Bracken argued the trial court "no longer had the power/jurisdiction to modify or even interpret the spousal support issue once the order terminating spousal support was filed and the objection time expired." Bracken further argued that either res judicata or collateral estoppel applied to bar Yunger's claim to a portion of his 2015 bonus and that Yunger had otherwise waived her right to receive any portion of his 2015 bonus. The trial court disagreed with Bracken's claims and overruled the same in a decision issued on May 1, 2017, thereby affirming and adopting the magistrate's February 6, 2017 decision in its entirety.

{¶ 7} Bracken now appeals from the trial court's decision finding Yunger was

- 3 -

entitled to receive a portion of his 2015 bonus in the amount of $2,889.81, raising three assignments of error for review.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT IT STILL HAD JURISDICTION TO DETERMINE A SPOUSAL SUPPORT ISSUE AFTER THE DURATION WAS TERMINATED BY THE COURT.

{¶ 10} In his first assignment of error, Bracken argues the trial court lacked jurisdiction to decide any issue regarding his spousal support obligation once it terminated the same effective August 1, 2015. However, just as the trial court found in overruling Bracken's objection to the magistrate's decision, "although the Court terminated [the] spousal support order in 2015, the entry does not provide that any balances owed to Jennifer were reduced to zero." Simply stated, while the trial court lacked jurisdiction to modify Bracken's spousal support obligation, we find it clear that the trial court retained jurisdiction to interpret and enforce the spousal support order at issue.

{¶ 11} In addition, contrary to Bracken's claim otherwise, the record fully supports the trial court's decision finding a portion of his 2015 bonus paid to him in 2016 had accrued prior to when his spousal support obligation terminated. Again, as Bracken's trial counsel explicitly stipulated to at the February 3, 2017 hearing on Yunger's motion for contempt, "we can stipulate that the bonus that he received for 2015 which was paid to him in 2016 was $15,012." Therefore, because the trial court properly determined that Yunger was entitled to receive a portion of Bracken's 2015 bonus in the amount of $2889.81, Bracken's first assignment of error is without merit and overruled.

{¶ 12} Assignment of Error No. 2:

{¶ 13} THE TRIAL COURT ERRED WHEN IT CONCLUDED THAT THE ISSUE OF ACCRUED SPOUSAL SUPPORT WAS NOT RES JUDICATA OR COLLATERAL

ESTOPPEL.

{¶ 14} In his second assignment of error, Bracken argues the trial court erred by finding Yunger's claim that she was entitled to a portion of his 2015 bonus was not barred by res judicata or collateral estoppel. However, as the trial court correctly determined in overruling Bracken's objection to the magistrate's decision, neither res judicata nor collateral estoppel apply to the case at bar since "the issue of accrued spousal support was neither addressed nor adjudicated in 2015." We find no error in the trial court's decision. Bracken's second assignment of error is therefore also without merit and overruled.

{¶ 15} Assignment of Error No. 3:

{¶ 16} THE TRIAL COURT ERRED WHEN IT FAILED TO CONCLUDE THAT JENNIFER WAS GUILTY OF WAIVER THUS BARRING HER CLAIM.

{¶ 17} In his third assignment of error, Bracken argues the trial court erred by finding Yunger had not waived her claim that she was entitled to a portion of his 2015 bonus by "not bringing it before the court when the spousal support was terminated or when she asked for an increase in child support." However, because these events occurred well before Bracken was paid any portion of his 2015 bonus, the amount of such bonus, if any, was unknown. Moreover, the fact that Yunger requested a modification of Bracken's child support obligation in no way served as a waiver of her right to receive a portion of his 2015 bonus that accrued prior to the termination of his spousal support obligation. Bracken's claim otherwise lacks merit. Therefore, finding no error in the trial court's decision, Bracken's third assignment of error is likewise overruled.

{¶ 18} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.